## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MAY, | Civil Action No. 16-0190(MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| STEVEN JOHNSON, et al., | |
| Respondent. | |

This matter having come before the Court on Petitioner's submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a motion for a protective order (ECF No. 2) to seal an presentencing memorandum submitted with his Petition (ECF No. 1-1); and it appearing that:

1. Petitioner is a convicted state prisoner challenging his New Jersey state court conviction pursuant to 28 U.S.C. § 2254. He filed this habeas petition on January 12, 2016. (ECF No. 1.)

2. Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP") that contains a certification by an authorized official at his place of confinement certifying Petitioner's institutional account for the preceding six months, as required under L.Civ.R. 81.2(b);

3. Petitioner has, however, filed a motion for a protective order (ECF No. 2) seeking to seal a "CVA Consulting Report" attached to his Petition. (*See* ECF No. 1-1, Sentencing Memorandum dated December 13, 2000.) The Report at issue contains confidential personal

information and appears to be a pre-sentencing memorandum submitted to the state court prior to

Petitioner's sentencing.  (*See id.*)  In this District, Local Civil Rule 5.3 governs all motions to

seal or otherwise restrict public access to both materials filed with the Court and judicial

proceedings themselves.  *See* Allyn Z. Lite, N.J. Federal Practice Rules, Comment 1 to L. Civ. R.

5.3 (Gann 2015).  Under L. Civ. R. 5.3(c)(2), a party seeking an Order to seal materials or

judicial proceedings must describe:

> (a) the nature of the materials or proceedings at issue, (b) the
> legitimate private or public interests which warrant the relief
> sought, (c) the clearly defined and serious injury that would result
> if the relief sought is not granted, and (d) why a less restrictive
> alternative to the relief sought is not available.

The Court has reviewed the document at issue and finds that under the standard enunciated

above, there is good cause to seal this document, which appears to be part of the presentence

investigation report prepared prior to Petitioner's sentencing in state court.  Under state law,

presentence investigation reports (PSIR) are subject to rules of confidentiality.  Although N.J.

Civ. R. 3:21–2(a) allows the PSIR to be furnished to the defendant and prosecutor, the PSIR

should not be made a matter of public record. *See Barnes v. Hauck*, No. CIV.A. 12-2705 RMB,

2013 WL 3216171, at *1 (D.N.J. June 25, 2013) (citing *State v. DeGeorge*, 113 N.J. Super. 542,

544, 274 A.2d 593 (App. Div. 1971); *State v. Boiardo*, 82 N.J. 446, 463 n. 14, 414 A.2d 14

(1980)).  Moreover, presentence investigative reports in federal criminal cases are presumed to

be confidential.  *Id.* (citing Comment 3b to Local Criminal Rule 32.1).  The Court also finds that

there is no less restrictive alternative that would protect Petitioner's privacy. *See Oliver v. N.J.*

*State Parole Bd.*, 2007 U.S. Dist. LEXIS 21136, 2007 WL 923516 (D.N.J. Mar. 26, 2007)

(Hochberg, J.) (granting defendant's motion to seal diagnostic and evaluative assessments of

plaintiff prisoner because there was no less restrictive alternative to protect the prisoner's privacy

interest).

IT IS THEREFORE on this _____ day of February, 2016,

ORDERED that Petitioner's motion for a protective order (ECF No. 2) to seal the pre-

sentencing memorandum attached to his Petition (ECF No. 1-1) is GRANTED pursuant to L.

Civ. R. 5.3; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case for

Petitioner's failure to either pay the requisite filing fee of $5.00 or submit a complete application

to proceed *in forma pauperis*; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form

Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case (DNJ-PRO-SE-007-B.pdf),

for use by a prisoner; and it is further

ORDERED that, if Petitioner wishes to reopen this action, he shall so notify the Court

within 30 days of the date of entry of this Order, in writing addressed to the Clerk of the Court,

Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101;

Petitioner's writing shall include either: (1) a complete *in forma pauperis* application, including a

certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b); or (2)

the $5 filing fee; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by

regular U.S. mail, and close this case accordingly.


_____
Madeline Cox Arleo, District Judge
United States District Court

3